# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| VALERIE GARZA, Individually and in behalf of BLAKE ANTHONY GARZA, an unborn viable fetus, | ) ) ) ) |
| Plaintiff, | ) Case No.: |
| vs. | ) ) ) ) |
| UNITED STATES OF AMERICA and MILJAN STANKOVIC, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, Valerie Garza (hereinafter "Valerie"), by counsel, complaining of the defendants, UNITED STATES OF AMERICA and MILJAN STANKOVIC, alleges and says:

1. At all times relevant to this action, Valerie was and is a resident of Porter County, Indiana.

2. At all times relevant to this action, Valerie was a patient as defined by and under the Indiana Medical Malpractice Act.

3. At all times relevant to this action, Blake Anthony Garza was a viable fetus at 29 or more weeks gestational age and, thus, a patient as defined by and under the Indiana Medical Malpractice Act, as well as, a child as defined by and under the Indiana Child Wrongful Death Act.

4. At all times relevant to this action, Miljan Stankovic, M.D. was a duly-licensed obstetric and gynecology physician practicing in Porter County, Indiana, holding himself out to the public as a physician possessed of the requisite knowledge, skill, training, experience, and competence to properly treat pregnant patients.

5. Upon inquiry, the Indiana Department of Insurance, Medical Malpractice Division, Patient Compensation Fund, indicates that Miljan Stankovic is not a covered provider as that term is utilized under the Indiana Medical Malpractice Act.

6. At all times relevant to this action, Miljan Stankovic, M.D. was an employee of the defendant, United States of America, acting within the scope of his employment as a Public Health Service employee pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 (g)-(n) in his official capacity. Thus, defendant, United States of America, is either a or the proper party-defendant in this case. Further, the United State of America is liable for Dr. Stankovic's fault and negligence in this case under the doctrine of *Respondeat Superior*.

7. On July 5, 2016, Valerie was admitted to Porter Regional Hospital in Porter County, Indiana by Dr. Kimberly Hess, a duly-licensed obstetric and gynecology physician practicing in Porter County, Indiana, with elevated cord dopplers. Under Dr. Hess' specific plan of care and orders, Valerie was to remain hospitalized for the duration of her pregnancy while concomitantly Dr. Hess was arranging a maternal fetal medicine consult and scheduling the timing of an expedited delivery of Blake Anthony Garza.

8. On and before, July 6, 2016, Miljan Stankovic, M.D., as an employee of the defendant United States of America, had a duty to possess and apply that degree of reasonable care, skill, and diligence, in accord with standards of medical care and procedure, applicable to like physicians so as to avoid causing harm, injury, damage, and death to patients.

9. However, on and/or after July 6, 2016, Dr. Stankovic, as an employee of the defendant United States of America rendered medical treatment to Valerie and her baby and said treatment was delivered in a careless and negligent fashion which fell below a reasonable standard of care in one or more of the following respects, *inter alia*:

- (A) Defendant(s) chose to discharge Valerie and her baby on July 6, 2016 and not see them for a week despite express knowledge of various at-risk pregnancy factors including, but not limited to, Valerie's class C diabetes, polyhydramnios, Valerie being age 36, an increased risk of pre-term labor, the giving of steroids and magnesium sulfate to the baby, and regular monitoring by a maternal and fetal medicine specialist;
- (B) Defendant(s) chose to discharge Valerie and her baby and not see them for a week despite express knowledge of Dr. Hess' admission for elevated cord dopplers and Dr. Hess' specific plan of care and orders that Valerie remain hospitalized for the duration of her pregnancy while concomitantly arranging a consult and timing of an expedited delivery of the baby;
- (C) Alternatively, defendant(s) failed to appreciate and inform himself/itself of the above and aforesaid risks, events, conditions, plans, and orders which were fully documented and available to defendant(s) for his/its consideration, if he/it so chose, before authorizing and ordering the discharge of Valerie and her baby from the hospital;
- (D) Defendant(s) acted with utter disregard and indifference for the primary and attending physician's standing orders and established plan of care by discharging

    Valerie and her baby against orders in light of the presence of high risk factors that would likely require emergent care in a hospital setting if and when such risks materialized; and/or

(E) Defendant(s) failed to act as a reasonable and prudent healthcare provider of similar practice would act under similar circumstances and was otherwise negligent in plaintiffs treatment.

10. As a direct and proximate result of the negligent acts and/or omissions of the defendant(s), the viable infant child, Blake Anthony Garza, died on July 12, 2016.

11. As a direct and proximate result of the negligent acts and/or omissions of the defendant(s), Valerie suffered negligent infliction of emotional distress as a bystander to the wrongful death of her infant child and/or sustained modified impact as part of the wrongful death of her infant child; suffered the wrongful death of her viable infant child; incurred the cost of the last medical treatment of her infant child; funeral and burial expenses of her infant child; the loss of her infant child's love and companionship until Valerie's own death; attorney fees incumbent in prosecuting this action against defendants; and other damages of a personal and pecuniary nature. including, but not limited to, those provided by I.C. §34-23-2-1.

12. This matter had been timely filed and had been previously pending in this Court until March 26, 2019, and thus, equitably tolled with respect to the applicable statute of limitations.

13. On or about May 25, 2018, plaintiff duly served a notice of tort claim upon the United States of America, to which the United States of America has taken no action during the requisite time period within which to do so.

**WHEREFORE**, Valerie Garza respectfully seeks the entry of judgment in her favor and against the defendants, UNITED STATES OF AMERICA and MILJAN STANKOVIC, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

            Respectfully submitted,

            **WALTER J. ALVAREZ, P.C.**
            Attorneys for Plaintiff


            s/ Brock P. Alvarado
            Brock P. Alvarado (16348-45)

## JURY DEMAND

Plaintiff demands trial by jury as to all issues raised in her Complaint.

Respectfully submitted,

**WALTER J. ALVAREZ, P.C.**
Attorneys for Plaintiff

s/ Brock P. Alvarado
Brock P. Alvarado (16348-45)